# UNITED STATES DISTRICT COURT
## Western District of Texas
## Midland/Odessa Division

| | |
|---|---|
| **John Overbey**, individually and on behalf of all those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**Portable Mud Systems, Inc.**<br><br>Defendant | §<br>§<br>§<br>§<br>§  CA No: 7:20-cv-72<br>§<br>§<br>§  Collective Action<br>§  Jury Demanded<br>§ |

## COLLECTIVE ACTION COMPLAINT

John Overbey ("**Plaintiff**") brings this action individually and on behalf of all others similarly situated against Portable Mud Systems, Inc. **("Defendant")** and in support shows the Court the following:

1. **STATEMENT OF THE CASE**

    1.1. The federal Fair Labor Standards Act, 29 U.S.C. §201, et seq., (the "**FLSA**") contains various rules regarding employee wages and working hours. Defendant violated these laws by failing to compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked. This collective action seeks to recover damages and backpay to compensate all current and former employees of Defendant for these wage violations.

    1.2. The Plaintiff and the Collective Members, oil field mechanics, who were non-exempt oil field workers, were paid a salary without any allowance for overtime pay. This violates the FLSA.

## 2. PARTIES, JURISDICTION, AND VENUE

2.1. Plaintiff, a former employee of Defendant, is an individual and resident of the State of Texas. His notice of consent to sue is attached.

2.2. Defendant is a Texas corporation that may be served with process by serving its registered agent: Brandon R. Westenburg, at 4958 Rustic Trail, Midland, Texas 79707.

2.3. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2.4. Venue is proper under 28 U.S.C. §1391(b).

## 3. FACTUAL BACKGROUND

3.1. Defendant is an oilfield services company specializing in solids control for land-based oil and gas drilling operations; it does business in the territorial jurisdiction of this Court.

3.2. Defendant employed Plaintiff as a mechanic from approximately February 2, 2018 to January 26, 2020.

3.3. Plaintiff's primary duties were nonexempt duties.

3.4. As a mechanic, Plaintiff' primary duties were to repair and replace drilling equipment in the oil and gas industry.

3.5. Plaintiff's primary duties did not include office or non-manual work.

3.6. Plaintiff's primary duties were not related to the management or general business operations of Defendant or its customers.

3.7. Plaintiff's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

3.8. Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

3.9. Plaintiff did not have the discretion or authority to make any decisions with respect to matters of significance.

3.10. Instead, Plaintiff was required to follow the policies, practices and procedures set by Defendant.

3.11. Plaintiff did not have any independent authority to deviate from these policies, practices, and procedures.

3.12. Defendant paid Plaintiff on a salary basis.

3.13. During Plaintiff's employment with Defendant, he regularly worked in excess of forty hours per week.

3.14. Defendant knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

3.15. Defendant did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

3.16. Instead, Defendant paid Plaintiff a fixed sum of money regardless of the number of hours he worked in a workweek.

3.17. Defendant knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

3.18. Defendant failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

3.19.   Defendant knew or showed a reckless disregard for whether its pay practices violated the FLSA.

3.20.   Defendant is liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## 4. COLLECTIVE ACTION ALLEGATIONS

4.1. Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Collective Members. Plaintiff and Collective Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subjected to Defendant's common practice, policy or plan regarding employee wages and hours.

4.2. All mechanics employed by Defendant are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

4.3. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Collective as follows:

**All mechanics of Defendant who were paid a salary and no overtime and who worked more than 40 hours in one or more individual workweeks beginning three years prior to the date of the filing of this lawsuit.**

4.4. Plaintiff's experiences are typical of the experiences of the Collective Members.

4.5. The specific job titles or precise job locations of the various Collective Members do not prevent collective treatment.

**5. FIRST CLAIM FOR RELIEF – Collective Action (Violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.)**

5.1. Plaintiff incorporates by reference all of the above paragraphs.

5.2. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA.

5.3. Defendant is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

5.4. At all relevant times, Defendant has had gross annual volume of sales in excess of $500,000.

5.5. At all relevant times, Defendant has employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

5.6. Plaintiff was an employee of Defendant within the meaning of the FLSA.

5.7. While employed by Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. Plaintiff and the Collective Members specifically handled and used materials that traveled in interstate commerce such as oil field equipment.

5.8. Two or more of Defendant's employees engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Defendant's employees used/use:

  5.8.1. oil field equipment that has been manufactured and shipped across state lines;

  5.8.2. computers and telecommunications equipment that has been manufactured and shipped across state lines;

  5.8.3. office equipment, such as copiers, that has been manufactured and shipped across state lines;

  5.8.4. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

  5.8.5. The United States postal system to send mail across state lines; and

  5.8.6. the interstate banking systems to pay Defendant's employees.

5.9. As a result of the foregoing conduct, as alleged, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §201, et seq. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

5.10. As a result, Plaintiff and the Collective Members has been damaged in an amount to be determined at trial.

## 6. DOCUMENT PRESERVATION

6.1. As part of discovery, Plaintiff will be requesting certain documents and information from Defendant. Please note the document preservation instructions attached hereto.

## 7. REQUEST FOR RELIEF

7.1. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and the Collective Members and against Defendant as follows:

7.1.1. Determining that the action is properly maintained as a collective action under the FLSA, certifying Plaintiff as the collective representative, and appointing Plaintiff's counsel as counsel for the Collective Members;

7.1.2. Ordering prompt notice of this litigation to all potential Collective Members;

7.1.3. Awarding Plaintiff and Collective Members declaratory and/or injunctive relief as permitted by law or equity;

7.1.4. Awarding Plaintiff and Collective Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

7.1.5. Awarding Plaintiff and Collective Members their pre-judgment, post-judgment and moratory interest as provided by law;

7.1.6. Awarding Plaintiff and Collective Members liquidated damages and/or statutory penalties/interest as provided by law; and

7.1.7. Awarding Plaintiff and Collective Members such other and further relief as the Court deems just and proper.

Respectfully submitted,

By:    */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**

## DOCUMENT PRESERVATION INSTRUCTIONS

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, Preservation of Documents, ABA Civil Discovery Standards (Aug. 2004). This duty "applies to information stored in an electronic medium or format..." *Id*. at Standard 29.

- Various kinds of electronic and hard-copy data will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendant's decision to not pay the overtime premium.

- Emails and other electronic and hard-copy documents pertaining to Defendant's reliance on department of labor authority when deciding not to pay the overtime premium.

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendant's employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendant's employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendant's compliance with the Fair Labor Standards Act and/or state laws; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendant performs offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendant performs offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendant takes every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.